Alan J. Leiman (OSB No. 98074)
alan@leimanlaw.com
Drew G. Johnson (OSB No. 114289)
drew@leimanlaw.com
LEIMAN & JOHNSON, LLC
44 W. Broadway, Suite 326
Eugene, OR  97401

IN THE UNITED STATES DISTRICT COURT
DISTRICT OF OREGON
PORTLAND DIVISION

| | |
|---|---|
| **EVEONNE HARPER,** | **CASE NO.:**  3:17-cv-2067 |
| Plaintiff, | |
| v. | **FLSA MINIMUM WAGE AND OVERTIME COMPLAINT;** |
| **MICHAEL'S MESSENGER SERVICE, INC.,** an Oregon domestic corporation, and **MICHAEL ESHELBY,** an individual, | **OREGON WAGE AND HOUR LAWS;** Fair Labor Standards Act 29 U.S.C. § 201 *et. seq.*; Oregon Wage and Hour Laws (ORS 652) |
| Defendants. | |
| | **DEMAND FOR JURY TRIAL** |

Plaintiff EVEONNE HARPER ("Harper" or "Plaintiff") brings this Fair Labor Standards Act ("FLSA") action for violations of the FLSA and Oregon's Wage and Hour laws against Defendants, MICHAEL'S MESSENGER SERVICE, INC. ("Michael's Messenger Service"), an enterprise engaged in commerce, and MICHAEL ESHELBY ("Eshelby"), an individual engaged in commerce (collectively herein "Defendants"). Plaintiff makes her allegations based upon personal knowledge, information, and belief.

////

////

1 – Complaint

## INTRODUCTION

1.      Plaintiff routinely worked over 40 hours per week as a local delivery driver delivering prescription medications for Defendants.

2.      Plaintiff was wrongfully classified and treated as an independent contractor by the Defendants when in fact, under the FLSA and Oregon Wage and Hour Laws (ORS Chapter 652), she should have been classified and treated as an employee.

3.      Defendants were "joint employers" of Plaintiff as that term is defined in 29 C.F.R §791.2.

4.      Defendants suffered and permitted Plaintiff to work as their employee.

5.      Defendants controlled all aspects of the work Plaintiff performed for Defendants.

6.      As a condition of her employment, Plaintiff was required to pay unlawful kickbacks to Defendants in the form of unreimbursed business expenses. During certain pay periods material to this Complaint, the unreimbursed business expenses that Plaintiff paid for Defendants' benefit reduced Plaintiff's pay to below the FLSA required minimum wage.

7.      Plaintiff brings this action against Defendants jointly and severally to recover her unpaid minimum wage and overtime wages under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 et seq. and Oregon Wage and Hour Laws, ORS Chapter 652 ("Oregon Wage and Hour Laws").

8.      Plaintiff also brings this action to recover wages and penalties for violation of Oregon Wage and Hour Laws (ORS Chapter 652).

9.      Plaintiff also brings this action for common law wrongful termination resulting from Defendants' termination of Plaintiff's employment while she was working for Defendants outside the state of Oregon because of Plaintiff's refusal to meet Defendants' unsafe delivery

2 – Complaint

schedule demands that required Plaintiff to drive at unsafe speeds for the road and weather conditions thereby putting Plaintiff and the public at risk.

10.     This action seeks equitable relief, compensatory and liquidated damages, attorney's fees, taxable costs of court, pre- and post-judgment interest and penalty wages for Defendants' willful failure to pay wages, including minimum wages and overtime wages, and other relief, pursuant to 29 U.S.C. § 216(b) and Oregon Wage and Hour Laws to Plaintiff.

11.     This action also seeks damages for Defendants' wrongful termination of Plaintiff, including economic damages in the form of lost wages and future earnings, and non-economic damages for emotional distress, including anxiety and stress caused by the actions of Defendants. These damages are continuing.

12.     Defendants' actions were taken in bad faith, maliciously, or with reckless indifference to Plaintiff's rights, entitling her to punitive damages in an amount to be determined by the jury.

13.     Plaintiff demands a jury trial on all issues that may be tried to a jury.

14.     This action is authorized and instituted pursuant to the FLSA, 29 U.S.C. § 201 *et seq.*

## JURISDICTION AND VENUE

15.     Jurisdiction is conferred on this Court by 29 U.S.C. § 216(b), as this action arises under the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*; 28 U.S.C. § 1331; and 28 U.S.C. §1337, as it arises under acts of Congress regulating commerce.   Jurisdiction of the state law claims is conferred on this Court by 28 U.S.C. § 1367 because the state law claims form a part of the same case or controversy as the federal claims under Article III of the United States Constitution.

16.     Venue is proper in this District Court pursuant to 28 U.S.C. § 1391 because a substantial part of the events giving rise to this complaint occurred in the District of Oregon.

3 – Complaint

## PARTIES

17.     Defendant Michael's Messenger Service, Inc., is an Oregon domestic corporation with its principal place of business in Oregon.

18.     Defendant Michael Eshelby is a resident of the state of Oregon.

19.     Defendants are subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.* and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

20.     At all material times, Defendant Michael's Messenger Service has been an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because it had employees engaged in commerce. Based upon information and belief, the annual gross sales volume of Defendant Michael's Messenger Service was in excess of $500,000.00 per annum at all times material hereto.  Alternatively, the Plaintiff worked in interstate commerce so as to fall within the protections of the FLSA.

21.     At all material times, Defendant Michael's Messenger Service has been an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Michael's Messenger Service directly or indirectly acted in the interest of an employer toward the Plaintiff at all material times, including, without limitation, directly or indirectly controlling the employment terms and conditions of Plaintiff.

22.     At all times material to this Complaint, Defendant Eshelby owned and operated Defendant Michael's Messenger Service and has been an employer within the meaning of 3(d) of the FLSA, 29 U.S.C. § 203(d). Defendant Eshelby directly or indirectly acted in the interest of an employer toward the Plaintiff at all material times, including, without limitation, directly or indirectly controlling the employment terms and conditions of Plaintiff.

4 – Complaint

23.     Defendant Eshelby is subject to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq*. and Oregon Wage and Hour Laws, ORS Chapters 652 and 653.

24.     At all material times, Defendant Eshelby has individually and jointly with Defendant Michael's Messenger Service, engaged in an enterprise in commerce or in the production of goods for commerce within the meaning of 29 U.S.C. § 203(s)(1) because he had employees engaged in commerce. Plaintiff worked in interstate commerce so as to fall within the individual coverage protections of the FLSA.

25.     Defendants Michael's Messenger Service and Eshelby each acted as joint employers of Plaintiff because both Defendants jointly directly or indirectly controlled the employment terms and daily work of Plaintiff.

26.     Plaintiff Eveonne Harper is currently a resident of Union County, Oregon who delivered medications for Defendants from on or around May 2014 through October 2014, and from on or around October 2015 until Plaintiff was terminated by Defendants in January 2017.

27.     During her employment with Defendants, Plaintiff's sole source of income was through her employment with Defendants delivering medications for Defendants' customers.

28.     During the time Plaintiff was employed by Defendants she did not work as a courier for any person or entity other than Defendants.

29.     At all times while working for Defendants, Plaintiff drove her personal vehicle, which weighed less than 10,001 pounds, GVWR, to deliver packages for Defendants.

## FACTS

30.     From on or about May 2014 to October 2014, and from on or about October 2015 to October 2016, Defendants employed Plaintiff to use her personal vehicle to deliver medications in Oregon and Washington.

5 – Complaint

31.    Defendants required Plaintiff to use her personal cell phone and personal vehicle to conduct Defendants' business.

32.    Plaintiff provided Defendants a direct economic benefit, or kickback, to Defendants as a condition of her employment by; (i) using her personal cell phone to conduct Defendants' business; and, (ii) using her personal vehicle while paying all operating and maintenance expenses when operating the vehicle for the benefit of her employers.

33.    Defendants enjoyed cost-savings kickbacks from Plaintiff in the form of cell phone expenses and vehicle operation and maintenance expenses that were paid by Plaintiff for the benefit of Defendants.

34.    During the period from October 2015 to October 2016, Plaintiff routinely often worked 6 days per seven-day workweek and routinely worked over 40 hours in a workweek.

35.    From October 2015 to October 2016, Plaintiff was compensated by Defendants at various rates of pay depending on the route, delivery location, classification of delivery as "stat", or "on demand", and who Defendants' client was.  Plaintiff was never compensated as a W-2 employee.

36.    During the period October 2015 through October 2016 Plaintiff estimates she routinely worked 70 hours per seven-day workweek during this approximately one-year period.  For example, during the week of March 13 through March 19, 2016 Plaintiff estimates she worked 65.75 hours during the seven-day period Saturday to Sunday.

37.    During the period October 2015 through October 2016 Defendants required Plaintiff to use her personal cell phone and personal vehicle to conduct Defendants' business.

38.    During this period of employment, Defendants enjoyed cost-savings kickbacks from Plaintiff in the form of cell phone expenses and vehicle operation and maintenance expenses that were paid by Plaintiff for the benefit of Defendants.

6 – Complaint

39.     As a result of being required to pay kickbacks, Plaintiff's pay fell below the Oregon required minimum wage and she was not paid the FLSA required time and one-half her regular rate of pay for all hours over 40 worked in a seven-day workweek.

40.     Sometime in on or about October 2016 Defendants sent Plaintiff to Idaho to use her personal vehicle to deliver medications for certain of Defendants customers in Idaho, including Payless Drugs.

41.     From on or around October 2016 until Plaintiff was terminated in January 2017, Plaintiff was employed to make a 600-mile roundtrip overnight delivery run between Boise and Idaho Falls, Idaho six days a week. Plaintiff was required to meet a late night arriving flight at the Boise airport and use her personal vehicle to transport medications approximately 300 miles to Idaho Falls, making additional deliveries along the way.  Plaintiff was required to pick-up empty medication storage tubs in Idaho Falls and return them to a storage unit in Boise.

42.     During the period of time Plaintiff worked for Defendants in Idaho, Plaintiff routinely worked 6 days per seven-day workweek and routinely worked over 76 hours in a workweek.  For example, during the week of December 11 through December 17, 2017, Plaintiff estimates she worked 78.75 hours for Defendants delivering medications in Idaho.

43.     During most of the approximately10-weeks that Plaintiff worked for Defendants in Idaho, she was compensated at a flat rate of $5,000 per month.

44.     During the period Plaintiff worked for Defendants in Idaho, Defendants required Plaintiff to use her personal cell phone and personal vehicle to conduct Defendants' business.

45.     During this period of employment, Defendants enjoyed cost-savings kickbacks from Plaintiff in the form of cell phone expenses and vehicle operation and maintenance expenses that were paid by Plaintiff for the benefit of Defendants.

7 – Complaint

46.     As a result of being required to pay kickbacks, Plaintiff was not paid the FLSA required minimum wage for all hours worked up to 40 in a workweek, and Plaintiff was not paid the required time and one-half her regular rate of pay for all hours over 40 worked in a seven-day workweek when she worked for Defendants in Idaho.

47.     Defendants jointly and severally owe Plaintiff unpaid minimum wages, overtime wages, liquidated damages, and penalty wages under the FLSA and Oregon Wage and Hour laws.

48.     At all material times, Plaintiff was an individual employee who was engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§ 206-207.

49.     Plaintiff has retained the law firm of Leiman & Johnson, LLC to represent her, and has incurred attorneys' fees and costs in bringing this action.  Pursuant to 29 U.S.C. § 216(b) and ORS 652.200, Plaintiff is entitled to recovery of reasonable attorneys' fees and costs.

## FIRST CLAIM FOR RELIEF
### (FLSA Minimum Wage and Overtime Violations - 29 U.S.C § 207)

50.     Plaintiff re-alleges and incorporates herein by reference, all allegations contained in paragraphs 1 through 49 above.

51.     At all material times, Plaintiff performed duties for the benefit of, and on behalf of the Defendants, under employment terms and conditions set by Defendants.

52.     At all material times, Defendants, as joint employers, were jointly and severally required to pay Plaintiff in accordance with the minimum wage and overtime provisions of the FLSA.

53.     At all material times, Defendants did not keep the required records of hours worked by Plaintiff.

54.     At all material times, Defendants did not compute a regular rate of pay for Plaintiff.

55.     At all material times, Defendants did not account for the cell phone expenses and vehicle related expenses incurred by Plaintiff when computing her rate of pay.

8 – Complaint

56.    Defendants' failure to compute a regular rate of pay for Plaintiff resulted in workweeks in which Plaintiff did not receive the required minimum wages and overtime pay.

57.    Defendants have not paid Plaintiff the FLSA required Oregon minimum wage for all hours worked.

58.    Defendants have not paid Plaintiff the correct amount of overtime pay at a rate equal to one and one-half of her regular rate of pay for workweeks in which she worked in excess of 40 hours in violation of 29 U.S.C. § 207.

59.    At all material times hereto, Defendants failed to comply with Title 29 U.S.C. §§ 201-209 in that the Plaintiff performed services and labor for Defendants for which Defendants failed to track hours worked, failed to compute a regular rate of pay, and failed to pay Plaintiff the correct amount of minimum wages and overtime. Plaintiff is entitled to liquidated damages for Defendants' willful failure to pay the correct amount of minimum wages and overtime.

60.    Plaintiff brings this action individually, seeking unpaid minimum wages, overtime compensation, liquidated damages, pre-judgment interest, costs, penalty wages, and attorneys' fees arising from the law violations set forth herein.

61.    Defendants' failure to pay the Plaintiff all minimum wages and overtime earned resulted from the Defendants' willful act of knowingly employing Plaintiff as an independent contractor when in fact Plaintiff was an employee subject to the minimum wage and overtime protections of the FLSA.

62.    By reason of said intentional, willful, and unlawful acts of Defendants, Plaintiff has suffered damages and has also incurred costs and reasonable attorneys' fees.

////

////

## SECOND CLAIM FOR RELIEF
### (Oregon Wage and Hour Law Violations)

63.    Plaintiff re-alleges and incorporate herein by reference, all allegations contained in paragraphs 1 through 49 above.

64.    Defendants violated ORS 652.610 when they failed to provide Plaintiff with itemized statements of pay.

65.    Defendants violated ORS 653.025 when they did not reimburse Plaintiff for vehicle maintenance, insurance, gas, and other expenses in workweeks in which after accounting for these expenses Plaintiff did not earn the required minimum wage.

66.    Defendants violated ORS 652.150 when they failed to pay Plaintiff all wages due on termination of employment.

67.    As a result of Defendants' failure to pay Plaintiff wages, Plaintiff was deprived of employer contributions to her individual social security account.

68.    Plaintiff has been damaged by Defendants' violation of Oregon Wage and Hour Laws and is entitled to her actual damages, penalty wages pursuant to ORS 652.150, plus pre-judgment interest, in amounts to be determined by the jury.

## THIRD CLAIM FOR RELIEF
### (Wrongful Termination)

69.    Plaintiff re-alleges and incorporate herein by reference, all allegations contained in paragraphs 1 through 49 above.

70.    Defendants induced Plaintiff to temporarily relocate from Oregon to Idaho to deliver a 600-mile roundtrip overnight route without providing Plaintiff any training for the winter weather driving conditions she would be facing, and without making sure that Plaintiff's

10 – Complaint

personal vehicle was properly equipped to meet the demands of Defendants' and its customers' strict delivery schedules.

71.      During the approximately 10 weeks that Plaintiff was working for Defendants in Idaho, she routinely encountered severe winter driving conditions during her scheduled overnight working hours.  Often the flight from Portland was late arriving, and on several occasions weather forced the cancellation of the flight and Plaintiff had to wait in Boise until the medications arrived by ground transportation.   Road conditions made it unsafe for Plaintiff to make up any delays.

72.      During the approximately 10 weeks that Plaintiff was working for Defendants in Idaho, she routinely encountered winter driving conditions that made driving at normal highway speeds unsafe.  Plaintiff purchased studded tires for the benefit of Defendants at her own expense. When making deliveries for Defendants, Plaintiff traveled at a rate of speed she believed safe for the conditions.

73.      On several occasions, Defendant Eshelby advised Plaintiff verbally that Payless Drugs was complaining about the amount of time it was taking Plaintiff to travel overnight from Boise to Idaho Falls, and that she needed to complete the approximately 300-mile trip faster.

74.      On January 5, 2017, Plaintiff responded to one of these verbal complaints about the timeliness of her deliveries with a text message to Defendant Eshelby in which she tells him that the weather conditions were so bad on January 4th that it took her 8 hours to travel the 300 mile return portion of her route, and that she was averaging 2-3 hours of sleep per night.  She told him that she had encountered "15 cars in a ditch in the ditch in a 100 mile span."

75.      Defendants terminated Plaintiff by text on January 6, 2017, because they "could not afford any more issues."

11 – Complaint

76.    Defendants terminated Plaintiff for not being willing to drive in a manner that was not safe for the road and weather conditions, and which if Plaintiff had complied would have put Plaintiff and members of the traveling public at risk of serious injury or death.

77.    Plaintiff suffered emotional distress, including tension and anxiety, as the result of being pressured to drive in an unsafe manner, and as the result of being abruptly terminated in Idaho without pay and without further employment.

78.    As a result of being wrongfully terminated, Plaintiff has been damaged and is entitled to her actual economic damages, including back and front pay, plus non-economic damages for her emotional distress, plus pre-judgment interest and costs of litigation, all in amounts to be determined by the jury.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully asks the Court to grant the following relief:

1. On the First Claim for Relief, award Plaintiff her actual damages for unpaid minimum wages and overtime in an amount to be determined at trial, plus an equal amount as liquidated damages for failure to pay minimum wages and overtime pursuant to the FLSA;

2. On the Second Claim for Relief, award Plaintiff her actual damages for violations of Oregon Wage and Hour Laws, plus penalty wages calculated according to ORS 652.150, in amounts to be determined by the jury.

3. On the Third Claim for Relief, award Plaintiff her actual damages for her wrongful termination including lost wages, and non-economic damages for her emotional distress damages;

4. Award Plaintiff reasonable attorney fees and costs;

12 – Complaint

5.  Award Plaintiff pre-judgment and post-judgment interest; and

6.  Award Plaintiff any and all such other legal and equitable relief as this Court

deems just and proper.

DATED December 31, 2017.

Respectfully submitted,

___/s Alan J. Leiman_____

Alan J. Leiman
E-mail: alan@leimanlaw.com
Oregon State Bar No.:  98074
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiff

___/s Drew G. Johnson_____

Drew G. Johnson
E-mail: drew@leimanlaw.com
Oregon State Bar No.:  114289
44 W. Broadway, Suite 326
Eugene, OR  97401
Telephone: (541) 345-2376
Facsimile:  (541) 345-2377
Of Attorneys for Plaintiff

13 – Complaint